**CHAI LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0492–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Terri J. Scadron; Assistant Director; Corey L. Farrell, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Chai Li, a native and citizen of the People's Republic of China, seeks review of a January 2, 2008 order of the BIA affirming the January 25, 2006 decision of Immigration Judge ("IJ") Douglas Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chai Li,* No. A97 959 238 (B.I.A. Jan. 2, 2008), *aff'g* No. A97 959 238 (Immig. Ct. N.Y. City Jan. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We find that the agency's adverse credibility finding is supported by substantial evidence. The IJ relied, in part, on Li's inconsistent testimony regarding whether

**144**

he had ever been arrested. While Li initially testified that he had never been arrested, convicted of a crime, or appeared in any other U.S. court, the record showed that Li had in fact been convicted of fraud for attempting to use a false passport to enter the United States and that he served time in prison for that offense. Li argues that it was improper for the agency to rely on the fact that he had presented false documents in concluding that he was not credible; however, Li misconstrues the IJ's finding, which relied instead on his inconsistent testimony about that conviction. *Cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133–35 (2d Cir.2006). Li also argues that he adequately explained in an affidavit why he failed to admit his conviction, but the IJ properly found that the affidavit itself contradicted his explanation. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also found Li's testimony as to why he had not submitted his second child's birth certificate to be "evasive, contradictory, and non-responsive." An IJ's findings relating to an applicant's demeanor are accorded "particular deference." *Shu Wen Sun v. Board of Immigration Appeals,* 510 F.3d 377, 381 (2d Cir.2007). Here, the IJ was in the best position to discern how Li's demeanor during his testimony reflected on his truthfulness, and we therefore defer to that determination.

Taken together, the IJ's demeanor finding, and his finding with respect to Li's inconsistent testimony about his criminal conviction constitute substantial evidence in support of the denial of his asylum application. 8 U.S.C. § 1158(b)(1)(B)(iii). We need not address the IJ's alternative discretionary denial of asylum.

Finally, inasmuch as Li based his claim for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.